Sewall, J.
Upon these pleadings we are to decide whether Taylor, when conveyed forcibly, and against his will, without the „ limits of the prison-yard, committed an escape within the intent of the condition of the bond declared on by the plaintiff.
It seems not to admit of any question, that the sheriff or jailer would be liable in an action for an escape, if Taylor had been delivered from within the walls of the prison, in the manner and under the circumstances alleged in the plea of the defendants.
A rescue, before commitment, of one arrested upon mesne process, subjects the rescuers, and not the sheriff or officer who made the arrest, to an action for the benefit of the party injured. 'But, after commitment, the sheriff or jailer is liable. And a rescue, before commitment, is no excuse for the officer, where the arrest is *215 by virtue of a writ of execution. (1) In short, after commitment in a civil suit, every discharge of the prisoner, without the consent of the plaintiff or creditor, or in due course of law, is an escape, for which the sheriff or jailer is liable, with the exceptions, only which are recognized as cases of necessity. Such, for instance, is the case of a prisoner who leaves the jail, when in danger from a sudden five within the jail, or when the jail is broken by a public enemy; but a breach of prison by traitors is no excuse for the jailer. (2)
Nor is there any difference, as to the liability of the sheriii or jailer, that the prisoner is lawfully without the prison, after commitment in a civil suit. This was decided in the case of Crompton vs. Ward, reported by Strange, and the law on this subject is there examined and settled; and in * that [ * 208 ] case the rescue was after judgment on the suit, but before a commitment in execution, when the prisoner was holden upon mesne process, and was abroad by virtue of a writ of habeas corpus.
Bonds given, as that in the case at bar, to entitle a prisoner to the liberties of the prison-yard, are, in effect, a substitute for the custody of the sheriff. After the enlargement of the prisoner, upon the acceptance or allowance of the bond, his restraint, the custody in which he remains, is altogether of a moral nature, — a sense of his liability, and of the responsibility of his sureties in the penalty of the bond. The consent of the creditor is not implied in the transaction. It is a mode of imprisonment secured to the prisoner, upon the terms stipulated by the statute, for the providing and regulating of prisons. (3) A bond regularly taken and allowed discharges the sheriff from any further responsibility for the prisoner’s remaining within his custody. The restraint to which he is subject is, indeed, called the custody of the jailer; not, however, as expressing his power of control, or a confinement within the walls of the prison, but the bounds and limits prescribed by law, in which he is kept by the penalty of the bond. The prisoner is to “continue a true prisoner in the custody of the jailer, and within the limits of the said prison, until he shall be lawfully discharged, without committing any manner of escape.”
We must understand the security of the creditor, in the pledge to which he resorts to enforce his judgment, to be impaired or varied according to the express provisions of the statute, but no *216 farther; and the words of a statute, especially words of a technical import, are to be construed in reference to the common law, where a. different construction has not been rendered unavoidable, either by the nature of the provision, or other circumstance expressing a contrary intent. While the strict custody of the jailer is relied on, a discharge of the prisoner by a forcible rescue, or breach of prison, s no excuse. The jailer is liable as for an escape. . Speaking technically, and by the rules of the common law, such a [ * 209 ] discharge is an escape, without any proof that the * prisoner himself procured or consented to this mode of deliverance. The creditor has his remedy, either against the rescuers, or against the officer or jailer, and the rescuers are liable to the officer or jailer, when he is charged with the escape. And this is one reason, among others, for the liability of the officer or jailer in a case of rescue. In the supposed cases of necessity he is excused, because there he would be without remedy.
The case of Baxter vs. Taber, (4) decided in this court, was of the latter kind. The prisoner became suddenly sick while abroad, but within the limits of the prison-yard, and, for immediate preservation and relief, was taken to a private house, where he remained languishing until he died. This was considered as no escape within the meaning of the bond, which the defendant had given with the prisoner, to entitle him to the liberties of the yard. An event which is to be attributed to the providence of God injures no man; certainly is not to have the consequence of creating a right of action.
A forcible rescue by individuals, citizens or subjects, is not to be brought within the same reason, and is not a case to be decided by the same rule. At least, in the case at bar, it is obvious that Taylor, the principal in the bond, while a prisoner in execution, suffered himself to be arrested and seized, and to be detained. Either he had contracted other duties and engagements legally incompatible with the condition of his bond, or the law was open to him to remove the force and compulsion. In a government of laws, and not of men, no illegal violence is to be regarded as a case of physical necessity or unavoidable casualty.
Whether the surety for Taylor has any remedy against the persons who procured or effected his rescue, if compelled, in consequence, to pay the penalty of this bond, is a question not to be decided in this action. The surety, if he should pay the bond, has an unquestionable remedy against the principal, and [ * 210 ] perhaps against those who gave occasion * to this action, *217 if they are chargeable with an actual and illegal violence done to Taylor.
Upon the whole, the Court adjudge the plea in bar bad and insufficient, and judgment is.to.be entered for the plaintiff

 Cro. Jac. 419. — 1 Strange, 429. — Crompton vs. Ward. 4 Ce 84. — Dyer, 66. 67,244.— Cro. Ellz. 815.

 1 Rol. 808,1. 7, 5. —Bro., Escape, 10

 Stat. 1784, c. 41

 4 Mass. Rep. 361.